## Frank Becker v. People ex rel. Wilson.

|55  285|
|156s 301|

## Henry E. Wilmott v. People ex rel. Murphy.

1. JUSTICES OF THE PEACE—*In the City of Chicago.*—In the city of Chicago all justices of the peace must be appointed by the governor, by and with the advice and consent of the senate, upon the recommendation of a majority of the judges of the Circuit, Superior and County Courts.

2. SAME—*In Territory Annexed to the City of Chicago.*—Existing justices of the peace and police magistrates in towns annexed to the city of Chicago, hold their offices until the expiration of their terms, but by such annexation the power to elect their successors is taken away. Such successors can be made only by appointment in the manner pointed out by the constitution.

Memorandum.—Quo warranto proceedings in the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Judgment of ouster. Appeal by respondents. Heard in this court at the October term, 1894, and affirmed. Opinion filed November 12, 1894.

RILEY & AMOS, attorneys for plaintiff in error.

JACOB J. KERN, State's Attorney, and T. A. COFFEY, attorneys for the People, defendants in error.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

These two cases, being in all material respects alike, are disposed of in one opinion.

The causes are appeals from judgments of ouster from the office of justice of the peace of the town of Lake, respectively rendered against the appellants in certain proceedings by *quo warranto.*

By the provisions of section 1 of chapter 79 of the Revised Statutes, the people of the town of Lake were authorized to elect, quadrennially, five justices of the peace for said town; the term of office of these justices was, by the provisions of the constitution of this State, four years, they holding office until their successors should be elected and

qualified. In pursuance of such law, at the April election held in the year 1889, five persons were so elected in said town, of whom appellants are two.

Subsequent to such election the territory of the town of Lake was annexed to the city of Chicago. The entire number of justices of the peace in said town being, prior to such annexation, five.

Thereafter the legislature imposed upon the judges of the circuit, superior and county courts of Cook county the duty of recommending to the governor five fit and competent persons to fill the office of justice of the peace in the town of Lake; such recommendation was thereupon made and five persons were, by the governor, appointed to, and have qualified for, such office.

Section 28 of Article 6 of the Constitution is as follows:

"All justices of the peace in the city of Chicago shall be appointed by the governor, by and with the advice and consent of the senate, (but only upon the recommendation of a majority of the judges of the circuit, superior and county courts,) and for such districts as are now or shall hereafter be provided by law. They shall hold their offices for four years, and until their successors have been commissioned and qualified, but they may be removed by summary proceedings in the circuit or superior court, for extortion or other malfeasance. Existing justices of the peace and police magistrates may hold their offices until the expiration of their respective terms."

The language of this provision being that all justices of the peace *in* the city of Chicago shall be appointed, it would seem to follow that in the city of Chicago all justices must be appointed.

Section 32 of Article 6 of the Constitution is, in part, as follows:

" All officers provided for in this article, shall hold their offices until their successors shall be qualified, and they shall, respectively, reside in the division, circuit, county or district for which they may be elected or appointed. The terms of office of all such officers, where not otherwise prescribed in this article, shall be four years."

If it be admitted that the concluding clause of section 28 applies, not only to the justices existing when the constitution went into effect, but also to those holding office in any town at the time when such territory is annexed to the city of Chicago, the question then is, have successors been appointed to the officials who were justices of the peace in the town of Lake at the time of its annexation to the city of Chicago.

Had the annexation of the town of Lake to the city of Chicago not taken place immediately, preceding the four years for which appellants and others were elected an election of justices of the peace would have been had, and the persons then elected would, when duly qualified, have been the successors of appellants and the other justices of said town.

Annexation to the city of Chicago having taken place, the power to elect successors to appellants was taken away; thereafter, successors for appellants could be made only by appointment, in the manner pointed out by the constitution.

Recognizing this fact, the legislature, after the annexation had taken place, made it the duty of the judges of the circuit, superior and county courts of Cook county, to recommend to the governor five fit and competent persons to fill the office of justice of the peace in the town of Lake. It is manifest that the legislature intended that these five persons should be the successors of the five persons then acting as justices of the peace for the town of Lake. To hold that the legislature intended, or that the constitution contemplated, that in the case of the annexation of the territory of this town to the city of Chicago, the persons then acting as justices of the peace were to have no successors, but to continue in office indefinitely, or so long as they might live, is to arrive at a conclusion repugnant to the spirit of our institutions, and contrary to what, in view of the universal practice of choosing officials for short and definite terms only, we must presume was in the mind of the legislative body when, after the annexation, it made it the duty of the judges of Cook county to recommend to

the governor five fit persons for justices of the peace in the town of Lake.

We are therefore of the opinion that successors to the office of justice of the peace, once held by appellants, respectively, have been duly appointed and qualified, and that thereby the appellants ceased to be such officers and have been properly ousted from usurpation of such office.

It is unnecessary to decide whether, up to the end of the four years for which appellants were chosen, they properly continued to exercise the functions of such office; the fact that during such period, without molestation, they assumed to discharge the duties of the office, did not confer upon them any right to continue so to do; these proceedings were instituted after the expiration of such four years, and the judgments of ouster were properly rendered. Judgments affirmed.